Filing # 79439789 E-Filed 10/17/2018 09:22:24 AM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CAROLINA ROSE MATAMOROS,

    Plaintiff,

vs.    Case No. CACE-18-023542

BROWARD SHERIFF'S OFFICE,
a Florida Profit Corporation

    Defendant(s).

10/24/18   1:58
278

### SUMMONS IN A CIVIL CASE

TO:    Ronald Marc Gunzburger
    BROWARD SHERIFF'S OFFICE
    2601 W. BROWARD BOULEVARD
    FT. LAUDERDALE, FL 33312

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET. STE. 2200
    MIAMI, FL 33130

an answer to the amended complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

OCT 17 2018

CLERK    DATE

(BY) DEPUTY CLERK



BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 10/17/2018 9:22:22 AM.****

Filing # 78906547 E-Filed 10/04/2018 06:52:23 PM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Carolina Matamoros</u>
Plaintiff
vs.
<u>Broward Sheriff's Office</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
      ☒ Monetary;
      ☒ Non-monetary declaratory or injunctive relief;
      ☒ Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (  )**
(Specify)

<u>3</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
      ☐ Yes
      ☒ No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
      ☒ No
      ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
      ☒ Yes
      ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Nathaly Lewis</u>   FL Bar No.: <u>118315</u>
      Attorney or party                                                              (Bar number, if attorney)

<u>Nathaly Lewis   10/04/2018</u>
    (Type or print name)                                                           Date

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CAROLINA MATAMOROS,

    Plaintiff,

vs.                                    Case No.:

BROWARD SHERIFF'S OFFICE

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, CAROLINA MATAMOROS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, BROWARD SHERIFF'S OFFICE ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages for Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA"), to redress injuries resulting from Defendant's unlawful, conduct against Plaintiff.

2. This Court has jurisdiction over Plaintiff's claims pursuant to Fla. Stat. §§ 760.01-760.11.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami Dade County Florida, and is otherwise sui juris. Plaintiff is a covered employee for purposes of the FCRA, and FMLA.

4. Plaintiff is an individual with a relationship or association with a person with a known disability. She is therefore a member of a class protected under the FCRA because the terms, conditions, and privileges of her employment were altered because of her relationship or

association with a person with a known disability.

5. Defendant, BROWARD SHERIFF'S OFFICE, is a government entity in Broward County.

6. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (Fla. Stat. §760.02(7)).

7. On July 18, 2017, Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and dual filed with the Florida Commission on Human relations, the agencies which are responsible for investigating claims of employment discrimination.

8. Venue is proper in Broward County because all of the actions complained of herein occurred within Broward County.

9. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charge.

10. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

11. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff began employment with Defendant on or about January 2010 as a Communications Operator 3.

13. Due to Plaintiff's son disability, on or about August 17, 2016, Plaintiff began requesting an accommodation because of her disabled son.

14. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

15. Plaintiff requested to work on a part-time shift as Plaintiff's son disability exacerbated within each month. In fact, Plaintiff's son was hospitalized on eight (8) different occasions.

16. On or about August 2016, Plaintiff found out that a part time position became available. Plaintiff informed her Superiors, Latasha Elmaadawya ("Ms. Elmaadawya") and Lisa Zarazinski ("Ms. Zarazinski"), that she was interested in the position as a form of accommodation due to her son's disability.

17. Plaintiff followed the correct procedure in order to be chosen for the shift. Nevertheless, Defendant denied Plaintiff's request.

18. On or about September 2016, Plaintiff made a request under the Family Medical Leave Act.

19. Defendant advised Plaintiff that her request for leave was denied. Plaintiff was advised that she will be eligible to in March 2017.

20. Thereafter, Plaintiff was subjected to several disciplinary actions although her lack of attendance was due to her son's disability, which she communicated to her superiors.

21. On or about January 2017, Plaintiff received the part time position accompanied by an Internal Affairs Investigation regarding her attendance placing Plaintiff under investigation.

22. On or about May 2017, Plaintiff was suspended without pay for two (2) months.

23. On or about July 2017, Plaintiff returned to work.

24. On or about July 18, 2017, due to the disparate treatment she continued to be subjected to, Plaintiff filed her charge of discrimination.

25. On or about August 2017, Plaintiff requested FMLA leave again.

26. Defendant, denied Plaintiff's request for leave.

27. On or about January 2018, Plaintiff was again suspended.

28. To this date, Plaintiff continues to be under Internal Affairs Investigation regarding her attendance and received a negative evaluation by Ms. Elmaadawya.

29. Plaintiff's disciplinary actions and/or negative evaluations were predicated and/or motivated by her request to be reasonably accommodated to take care of her disabled son and/or her request for Leave.

## COUNT I
### *Interference with Rights under the FMLA*

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 above as if set out in full herein.

31. Plaintiff is an individual entitled to protection under the FMLA.

32. Plaintiff was eligible for FMLA leave due to her son's serious health condition.

33. At all times relevant hereto, AKAL SECURITY was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

34. On or about September 2016, Plaintiff applied for leave under the FMLA. Plaintiff was advised she had to wait until March of 2017 to reapply.

35. Thereafter, Plaintiff was suspended for two months.

36. When Defendant suspended Plaintiff, Defendant interfered with Plaintiff's right to apply for FMLA leave and thus violated the FMLA.

37. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

38. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or

4

ratified the unlawful conduct of its employees.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to his position at the rate of pay and with the full benefits he would have, had he not been discriminated against by Defendant, or in lieu of reinstatement, award him front pay

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Disability Discrimination in Violation of the FCRA*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. On or about August 2016, Plaintiff's son's asthma exacerbated. As a result, Plaintiff's son's health deteriorated over the following months. Plaintiff's son was in and out of the hospital.

42. On or about August 17, 2016, Plaintiff requested to be transferred to a part time position to be

able to care for her son.

43. Defendant's denied Plaintiff's request.

44. On or about September 2016, Plaintiff requested FMLA leave to take care of her son. Plaintiff's request was again denied.

45. On or about January 2017, Plaintiff was given the part time position but was also advised she was under investigation for her absenteeism.

46. On or about May 2017, Plaintiff is suspended for two months without pay.

47. Upon information and belief, other similarly situated employees were not suspended for similar absences.

48. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's close association with an individual who had a disability and subjected the Plaintiff to disability-based animosity.

49. Such discrimination was based upon the Plaintiff's close association with an individual who had a disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has close association with an individual who suffered a disability.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's close association with an individual, who had a disability due to suffering from a stroke, was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Retaliation in Violation of the FCRA*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

58. Plaintiff is a member of a protected class under the FCRA.

59. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

60. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex, national origin and/or disability was unlawful but acted in reckless disregard of the law.

61. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 4, 2018

Respectfully submitted,

_/s/Nathaly Lewis_
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Florida Bar No.: 118315
nl@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT, IN AND
FOR BROWARD COUNTY, FLORIDA

Case No. CACE-18-023542

CAROLINA ROSE MATAMOROS,

    Plaintiff,

vs.                                                                                            Defendant's Motion To
                                                                     Dismiss and/or Strike
BROWARD SHERIFF'S                                                               The Complaint
OFFICE,

    Defendant.
_____/

        Defendant, pursuant to Rule 1.140(b) and (f) of the Florida Rules of Civil Procedure, moves this Court for an order dismissing the complaint for failure to state a cause of action and striking immaterial portions.

        1.  Count II of the complaint alleges disability discrimination under the Florida Civil Rights Act ("FCRA") "because of "Plaintiff's close association with an individual who had a disability" [¶ 48] and "based upon the Plaintiff's close association with an individual who had a disability" [at ¶49], in that the Broward Sheriff's Office ("BSO") denied her request to "work on a part-time shift . . . part-time position [that] became available . . . as a form of accommodation due to her son's disability" [¶15, 16, 42, 42] and "suspended" her "without pay." [¶46]

        2.  Disability discrimination cases under the FCRA are analyzed under the same framework and in conformity with the Americans with Disabilities Act ("ADA") statute. A controlling Eleventh Circuit opinion held that, as a matter of law, the association provision of the ADA does not protect an employee who is absent from work due to the disability of a family member from even termination, let alone suspension as alleged herein. Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1231 (11th Cir. 1999) (citing and approving

1

Tyndall v. National Educ. Ctrs, Inc, 31 F.3d 209 (4th Cir. 1994) and Hartog v. Wasatch Academy, 129 F.3d 1076 (10th Cir. 1997).

  3. Hartog held that "the ADA does not require an employer to make any 'reasonable accommodation' to the disabilities of relatives or associates of an employee who is not himself disabled." Id., at 1084. Hartog cited the Interpretive Guidance directive of the EEOC issued pursuant to its authority under the ADA as follows:

> "[A]n employer need not provide the applicant or employee without a disability with a reasonable accommodation because that duty only applies to qualified applicants or employees with disabilities. Thus, for example, an employee would not be entitled to a modified work schedule as an accommodation to enable the employee to care for a spouse with a disability."

Id. The huge body of ADA case law follows this precedent addressed in paragraphs 2 & 3 above. See Overly v. Covenant Transport, Inc, (6th Cir. 2006); Corbin v. Medical Center, Navicent Health, 2016 WL 5724992, 9 (M.D.Ga. 2016) (no prima facie case established for associational disability discrimination in that, where ADA requires no reasonable accommodation to employee that associates with a disabled relative, termination of employee frequently absent from work due to disability of family member does not violate ADA); Pittman v. Moseley, Warren, Pritchard & Parrish, 2002 WL 2007880 (M.D.Fla. July 29, 2002); Castro-Medina v. Procter & Gamble Commercial Co., 565 F.Supp. 2d 343 (D. Puerto Rica 2008); Erdman v. Nationwide Ins. Co., 621 F.Supp.2d 230 (M.D.Penn. 2007); Darby v. Hinds County Dept. of Human Services, 83 F.Supp. 754 (S.D.Miss. 1999).

  4. As such, Count II does not state a disability discrimination action for failure to reasonably accommodate plaintiff's schedule to work part time to take care of her allegedly disabled son or for her investigation and suspension for any attendance issues stemming from the care of her allegedly disabled son. Stated differently, Count II must be dismissed for its derivative

ADA claims that fail to state a cause of action as a matter of law. Only Count II's derivative FMLA violations under the FCRA can withstand a motion to dismiss. Likewise, Count III retaliation claim premised on its derivative ADA claims fails to state a cause of action, leaving only Count II's retaliation based on the alleged, derivative FMLA claims.

5. Plaintiff's claims for emotional damages and punitive damages for violation of the FMLA (Count I) and its derivative FMLA claims under the FCRA (Counts II & III) must be dismissed where the exclusive remedies under the FMLA do not include damages for emotional distress or punitive damages and preempt any state law allowing such damages. Graham v. State Farm Mut.Ins.Co., 193 F.3d 1274, 1284 (11th Cir. 1999); Alvarez v. Hi-Temp Inc., 2004 WL 603489 (Congress' exclusive remedies under FMLA preempt state law remedies premised on violation of a right created by the FMLA).

6. All claims for punitive damages under the FRCA (Counts II & III) even those that are not premised on the FMLA, must be dismissed and stricken as the FCRA specifically precludes punitive damages against defendant. The FCRA, Fla.Stat. §760.11(5) states that, "[T]he state and its agencies and subdivisions shall not be liable for punitive damages." BSO is an agency and subdivision of the state. Pirez v. Brescher, 584 So.2d 993 (Fla. 1991)(BSO is a pollical subdivision under 768.28 of the FCRA); Beard v. Hambrick, 396 So.2d 708 (Fla. 1981). Likewise punitive damages under the discrimination provisions of the ADA, 42 U.S.C. §1981(b)(1) do not permit punitive damages against a government agency or political subdivision, nor are punitive damages for an ADA retaliation claim, even against non-government agencies or political subdivisions, recoverable. Alvarado v. Cajun Operating Company, 588 F.3d 1261 (9th Cir. 2009).

 **WHEREFORE,** Defendant moves to dismiss and/or strike the complaint.

Respectfully submitted,

                                        Gale Payne & Associates
                                        Attorneys for Defendant
                                        1220 East Broward Blvd.
                                        Ft. Lauderdale, FL  33301
                                        (954) 821-4500 Telephone
                                        gcpattorney@aol.com


                            By:__/s/Gale Ciceric Payne
                                Gale Ciceric Payne, Esq.
                                Florida Bar No. 306967
                                gcpattorney@aol.com

### Certificate of Service

The undersigned hereby certifies that the foregoing Motion to Dismiss and/or Strike was served by email on Peter M. Hoogerwoerd and Nathaly Lewis, Esquires, Remer & Georges-Pierre, PLLC, attorneys for the Plaintiff, 44 West Flagler Street, Suite 2200, Miami, FL  333130, this 13th day of November, 2018.

                                        _____/s/ Gale Ciceric Payne_____
                                                  Of Counsel