UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CV-62813-SMITH/VALLE

CAROLINA MATAMOROS,

Plaintiff,

v.

BROWARD SHERIFF'S OFFICE,

Defendant.

---

**REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court on Defendant Broward Sheriff's Office's Second Motion for Bill of Costs (the "Motion") (ECF Nos. 59, 59-1). United States District Judge Rodney Smith has referred the Motion to the undersigned for a Report and Recommendation. *See* (ECF No. 61). Accordingly, having reviewed the Motion, Plaintiff's Response (ECF No. 63), Defendant's Reply (ECF No. 64), and being otherwise fully advised on the matter, the undersigned recommends that the Motion be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth below, and that Defendant be awarded **$2,925.87** in costs.[1]

## I. BACKGROUND

Plaintiff brought this action against her employer alleging violations of the Family Medical Leave Act (the "FMLA") and the Florida Civil Rights Act of 1992 (the "FCRA") resulting from Defendant's denial of Plaintiff's request for medical leave to care for her son, who suffers from

---

[1] Defendant has also filed a Motion for Attorney's Fees on Appeal ("Motion for Appellate Fees") that is ripe for adjudication. *See* (ECF Nos. 60, 65, 66). The Court will address Defendant's Motion for Appellate Fees through a separate order to follow.

severe asthma. *See generally*, (ECF No. 10). More specifically, the Amended Complaint alleged claims for interference and retaliation under the FMLA (Counts 1 and 4) and disability discrimination and retaliation under the FCRA (Counts 2 and 3). *Id*. Relevant here, at the motion to dismiss stage, the District Court dismissed Count 2 and struck Plaintiff's claim for emotional damages in Count 4 of the Amended Complaint. (ECF No. 20 at 5, 11). Thereafter, the Court granted Defendant's motion for summary judgment, dismissing all remaining claims on the merits. *See generally,* (ECF No. 40). The Court then entered Final Judgment in favor of Defendant and against Plaintiff. (ECF No. 41).

## II. MOTION FOR COSTS

As the prevailing party in the litigation, Defendant now seeks to recover its costs, pursuant to 28 U.S.C. § 1920. *See generally*, (ECF Nos. 59, 59-1). More specifically, Defendant seeks to recover $3,555.72, consisting of $400 for filing fees, $1,974.20 for deposition and related costs, $619.02 for exemplification and copying costs, and $562.50 for mediation costs. (ECF No. 59 at 1). Defendant also seeks post-judgment interest on any award of costs pursuant to 28 U.S.C. § 1961. (ECF No. 59-1 at 2).

Plaintiff concedes Defendant's status as the prevailing party who, under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, is entitled to recover the cost of four depositions and post-judgment interest. *See generally* (ECF No. 63). Plaintiff objects, however, to Defendant's request to tax: (i) "incidental, voluntary, or otherwise extraneous" deposition-related costs, such as copies of deposition exhibits, postage and delivery fees, and litigation support packages; (ii) certain copying costs; and (iii) mediation costs. *See* (ECF No. 63 at 3-5).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these

rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). "Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920." *Id.* (citing *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002)). Moreover, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) (citations omitted). Nonetheless, the prevailing party must submit a request for costs that allows the Court to determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10-CV-61606, 2011 WL 3583754, at *3 (S.D. Fla. Aug. 15, 2011) (citation omitted). Lastly, although a District Court has discretion to deny costs to a prevailing party, the Court must state a reason for doing so. *Gilchrist v. Bolger*, 733 F.2d 1551, 1557 (11th Cir. 1984).

In relevant part, 28 U.S.C. § 1920 permits the taxing of costs for: (i) fees of the clerk and marshal; (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iii) fees and disbursements for printing and witnesses; and (iv) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. §1920(1)-(4).

## IV. DISCUSSION

### A. Costs under § 1920 to Prevailing Party

Defendant prevailed on summary judgment and received Final Judgment in its favor on

all of Plaintiff's claims. *See* (ECF Nos. 40, 41); *see also Head v. Medford*, 62 F.3d 351, 354-55 11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d) . . . .") (quoting *U.S. v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978)).[2] Moreover, Plaintiff does not dispute that Defendant is the prevailing party. Thus, Defendant is entitled to recover its costs under § 1920.

*1. Filing Fee*

Defendant seeks to recover the $400 fee it paid to remove the case to federal court.[3] (ECF No. 59-1 at 1). Fees paid to the Clerk of the Court are taxable under 28 U.S.C. § 1920(1). *Diaz v. AIG Mktg., Inc.*, No. 09-CV-60011, 2010 WL 2541872, at *2 (S.D. Fla. June 1, 2010) (citation omitted), *report and recommendation adopted*, 2010 WL 2541111 (S.D. Fla. June 22, 2010). This includes a filing fee incurred for removal to federal court. *Newman v. Hous. Auth. of City of Fort Lauderdale*, No. 06-CV-60359, 2007 WL 315098, at *2 (S.D. Fla. Jan. 31, 2007) (noting that a "removal fee is unquestionably a fee of the clerk"). Accordingly, Defendant should recover the $400 removal fee paid to the Clerk of Court.

*2. Deposition Costs*

Defendant seeks $1,974.20 in costs related to the deposition of four witnesses: Plaintiff ($392.50), Lisa Zarazinski ($492.20), Latasha Elmaadawy ($585.35), and Jennifer Blum ($504.15). (ECF No. 59-1 at 1-5). Although Plaintiff does not object to taxing the cost of the deposition transcripts for these witnesses, Plaintiff objects to costs associated with the depositions,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

[3] Although Plaintiff does not contest Defendant's recovery of the removal fee (and certain other costs), the undersigned must still determine whether the requested costs are properly recoverable under § 1920. *Morgan Stanley Smith Barney, LLC v. Wallace*, No. 17-CV-23855, 2018 WL 4208346, at *2 (S.D. Fla. Aug. 21, 2018).

including copies of deposition exhibits, fees for "litigation support packages," and postage and delivery fees.[4] *Id.*

Generally, depositions used for summary judgment motions and depositions of the losing party or a losing party's witnesses are deemed to be "necessarily obtained for use in the case" and are taxable. *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-CV-60528, 2016 WL 11547976, at *5 (S.D. Fla. Jan. 13, 2016) (finding that depositions relied upon for summary judgment are taxable); *Berbridge v. Sam's E., Inc.*, No. 16-CV-62681, 2017 WL 4938820, at *3 (S.D. Fla. Nov. 1, 2017) (finding that plaintiff's deposition was necessary because she was the losing party and her deposition was filed in support of defendant's motion for summary judgment); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) (finding that taxation of deposition costs of witnesses on the losing party's witness list was reasonable). Nonetheless, "when deposition costs are 'merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *Ashkenazi v. S. Broward Hosp. Dist.*, No. 11-CV-61403, 2014 WL 3673308, at *2 (S.D. Fla. July 23, 2014).

Here, the undersigned finds, and Plaintiff does not dispute, that the four depositions were "necessarily obtained for use in the case." Plaintiff's deposition is clearly necessary, as are the depositions of Lisa Zarazinski, Latasha Elmaadawy, and Jennifer Blum, who were witnesses listed in Plaintiff's Rule 26(A) Disclosures and Witness List and whose depositions Defendant

---

[4] More specifically, for Plaintiff's deposition, Defendant seeks: $338.35 for the transcript; $46.80 for exhibit copies; and $7.35 for delivery of the transcript. (ECF No. 59-1 at 12). For Lisa Zarazinski's deposition, Defendant seeks: $438 for the transcript; $19.20 for exhibit copies; and $35 for the litigation support package. (ECF No. 59-1 at 13). For Latasha Elmaadawy's deposition, Defendant seeks: $492.75 for the transcript; $27.60 for exhibit copies; $35.00 for the litigation support package; and $30 for delivery of the transcript. (ECF No. 59-1 at 13). For Jennifer Blum's deposition, Defendant seeks: $434.35 for the transcript; $4.80 for exhibit copies; $35 for the litigation support package; and $30 for delivery of the transcript. (ECF No. 59-1 at 14).

relied upon in its motion for summary judgment. *See* (ECF Nos. 21, 30, 36). Therefore, Defendant should recover the costs of the four deposition transcripts, totaling $1,703.45.

a. Copies of Deposition Exhibits

Defendant seeks to recover the cost of copies for exhibits used at the depositions of Ms. Zarazinski ($19.20), Ms. Elmaadawy ($27.60), and Ms. Blum ($4.80), all of whom were deposed by Plaintiff. *See* (ECF Nos. 59-1 at 3-4, 64 at 2). Defendant explains that these copies were necessary because Plaintiff's counsel "did not bring enough copies of the exhibits it marked[.]" (ECF No. 59-1 at 3). In addition, "[c]osts for copies of deposition exhibits are taxable where the prevailing party was the non-deposing party." *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017) (citation omitted). Accordingly, Defendant should recover $51.60 for copies of exhibits used in these depositions.

Defendant also seeks to recover the cost for copies of exhibits used at Plaintiff's deposition ($46.80). *See* (ECF No. 59-1 at 3-4, 12). In this regard, Defendant asserts that the copies were necessary and used in connection with Defendant's Motion for Summary Judgment. (ECF Nos. 59-1 at 3-4, 64 at 2). Accordingly, Defendant should recover $46.80 for copies of the exhibits used in Plaintiff's deposition.

In total, Defendant should recover $98.40 for copies of deposition exhibits.

b. Postage and Delivery Fees

Defendant seeks to recover certain fees incurred in connection with the deposition transcripts of Plaintiff ($7.35 for "postage"), Ms. Elmaadawy ($30 for "electronic processing/archival/delivery"), and Ms. Blum ($30 for "electronic processing /archival/delivery"). *See* (ECF Nos. 59-1 at 4, 12-14, 64 at 2-3). Courts in this District are split on whether a party can recover costs for postage and delivery of deposition transcripts. For

example, although some courts in this District have found that postage and costs associated with shipments or deliveries of transcripts may be recoverable, other courts have concluded that such costs are not recoverable under § 1920. *Compare Feise*, 2017 WL 3315144, at *3 (finding that postage, handling, and shipping expenses are part of the fees of the printed transcript and are taxable), *with Palm Beach Polo, Inc. v. Vill. of Wellington*, No. 19-CV-80435, 2021 WL 4777062, at *3 (S.D. Fla. Sept. 28, 2021) (citation omitted) (finding that transcript shipping costs are not taxable); *Rodriguez v. M.I. Quality Lawn Maint., Inc*., No. 10-CV-21031, 2012 WL 664275, at *5 (S.D. Fla. Feb. 9, 2012) (noting that delivery costs are "ordinary business expenses and may not be charged in relation to obtaining transcripts") (citing *Woods v. Deangelo Marine Exhaust Inc*., No. 08-CV-81579, 2010 WL 4116571, at *8 (S.D. Fla. Sept. 27, 2010)).

Faced with this split in authority, the undesigned has previously concluded that such fees are not taxable under § 1920, as these expenses are incurred for the convenience of counsel and constitute ordinary business expenses. *See, e.g., Great Lakes Ins. SE v. Aarvik*, No. 18-CV-60705, 2019 WL 2245332, at *3 (S.D. Fla. Mar. 14, 2019) (noting that shipping costs were correctly excluded from recovery under § 1920); *Thompson v. N. Broward Neurology, P.A.*, No. 16-CV-60240, 2017 WL 7792715, at *5-6 (S.D. Fla. July 20, 2017) (finding that delivery of trial materials are costs incurred for the convenience of counsel and are not recoverable); *see also Rodriguez*, 2012 WL 664275, at *5; *Woods*, 2010 WL 4116571, at *8. Consistent with this Court's prior rulings, Defendant should not recover postage or delivery costs here.

c. Fees for Litigation Support Packages

In connection with the depositions of Ms. Zarazinski, Ms. Elmaadawy, and Ms. Blum, Defendant seeks to recover $35 per witness (totaling $105) for "litigation support packages." (ECF No. 59-1 at 4-5, 13-14). Such costs are usually not taxable because they are incurred for

the convenience of counsel. *See Chase Bank USA, N.A. v. Jacucci*, No. 19-CV-62318, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021). Here, however, Defendant asserts that it did not order these litigation support packages, and is unsure what they even contained. (ECF No. 59-1 at 4-5).

Under such circumstances, Defendant should not have to incur an expense that it did not affirmatively order. *See Licausi v. Symantec Corp.*, No. 08-CV-60544, 2009 WL 3177566, at *4 (S.D. Fla. Sept. 29, 2009) (finding that defendant could tax cost of expedited deposition transcript because it did not affirmatively choose to incur the expense). The litigation support package fees appear to have been dictated by the court reporter hired by Plaintiff, and Defendant had no choice but to pay the fees to obtain the transcript of the various depositions. (ECF No. 59-1 at 4). Accordingly, Defendant should recover $105 for the costs of the litigation support packages.

*3. Copying Costs*

Defendant seeks $619.02 for copying costs. (ECF No. 59-1 at 1, 15-17). Plaintiff's challenge, however, is limited to the costs incurred on January 14, 2019 ($91) and March 11, 2019 ($138.42). *See* (ECF Nos. 59-1 at 5, 63 at 3-4, 64 at 4). Accordingly, the undersigned's analysis will focus on the disputed dates and amounts.[5]

A prevailing party may recover exemplification and copying costs where the copies are necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4); *see also Spatz v. Microtel Inns and Suites Franchising, Inc.*, No. 11-CV-60509, 2012 WL 1587663, at *6 (S.D. Fla. May 4,

---

[5] Nonetheless, the undersigned has reviewed the additional copying costs for June 4, 2019 ($115.50), June 10, 2019 ($185.76), and July 16, 2019 ($88.34), and finds that the costs are reasonable, and the copies were necessarily obtained for use in the case. (ECF No. 59-1 at 1). Accordingly, Defendant should recover $389.60 for the costs of copies on these dates as taxable under § 1920(4).

2012). "[T]he cost of photocopies attributable to discovery, as well as copies of pleadings, correspondence, copies of exhibits and copies prepared for the court may all be recoverable; the key is whether they were necessarily obtained." *Id*. (citing *Rodriguez*, 2012 WL 664275, at *6.).

Here, the undersigned finds that the challenged copying costs were necessarily obtained for use in the case. For example, the copies made on January 14, 2019 were used at meetings with witnesses who: (i) were deposed; (ii) provided affidavits in support of Defendant's motion for summary judgment; and (iii) were listed on the parties' Rule 26(a) Disclosures and Witness Lists.[6] *See* (ECF Nos. 59-1 at 5, 64 at 4-5). Further, the invoice reflects a reasonable rate of $.1350 per page for the copies. *See* (ECF No. 59-1 at 15); *see also Monelus*, 609 F.Supp.2d at 1336 (noting that $.10 to $.14 per copy is reasonable); *Spatz*, 2012 WL 1587663, at *7 (same). Accordingly, Defendant should recover $91 for the cost of the January 14, 2019 copies.

Likewise, the March 11, 2019 copies were necessary in that the copied material was produced to Plaintiff in discovery. *See* (ECF Nos. 59-1 at 1, 5-6, 64 at 5); *see also New S. Commc'ns, Inc. v. Hous. Cas. Co.*, No. 18-CV-10110, 2020 WL 1062875, at *4 (S.D. Fla. Feb. 18, 2020) (finding that copies attributable to discovery are taxable under § 1920(4)). As well, the invoice reflects a reasonable price of $.1050 per page for the copies. *See* (ECF No. 59-1 at 15). Accordingly, Defendant should recover $138.42 for the cost of the March 11, 2019 copies.

In total, Defendant should recover $619.02 for copying costs ($389.60 + $91 + $138.42).

*4. Mediation Costs*

Lastly, Defendant seeks to tax its mediation costs, totaling $562.50. *See* (ECF Nos. 59-1

---

[6] The undersigned finds unpersuasive Plaintiff's argument that Defendant must identify the witnesses who received the copies. *See* (ECF No. 63 at 4). Defendant is not obligated to identify these witnesses, but only to explain the *purpose* of the copies, which it has done. *See Spatz*, 2012 WL 1587663, at *7 (noting that the prevailing party must explain the purpose of the copies so the court can determine the purpose and whether the copying rates were reasonable).

at 2, 6-8, 64 at 5-7). Mediation costs, however, are not recoverable under § 1920.[7] *See Palm Beach Polo, Inc.*, 2021 WL 4777062, at *3 (citation omitted). Furthermore, Defendant has provided no legal basis other than § 1920 to establish entitlement to mediation costs. Accordingly, Defendant should not recover the cost of mediation.

**B. Post-Judgment Interest**

Defendant, as the prevailing party in this case, is statutorily entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, which provides for interest on any money judgment recovered in district court in a civil case. Plaintiff does not address Defendant's request for interest pursuant to 28 U.S.C. § 1961. *See generally* (ECF Nos. 63, 64)

The Supreme Court and the Eleventh Circuit have explained, "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (citing *Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir. 1988)); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835 (1990). Section 1961(a) provides that the post-judgment interest rate is determined by looking to the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961(a); *see also BankAtlantic*, 12 F.3d at 1052; *U.S. S.E.C. v. Carrillo,* 325 F.3d 1268, 1271

[7] Defendant's reliance on *Osahar v. U.S. Postal Serv*., 136 F. App'x. 259 (11th Cir. 2005) is misplaced. *See* (ECF Nos. 59-1 at 6-8, 64 at 5-6). *Osahar* involves Title VII claims under 42 U.S.C. § 2000, which is more liberal as to what costs may be taxed. *See Hearn v. McKay*, No. 07-CV-60209, 2009 WL 10669025, at *1 (S.D. Fla. June 25, 2009) (noting that in Title VII cases, permissible taxable costs are far broader than in other contexts). Here, however, Plaintiff's claims allege FMLA and FCRA violations, for which taxable costs are limited by 28 U.S.C. § 1920.

(11th Cir. 2003).

Here, the District Court entered Final Judgment on August 8, 2019. (ECF No. 41). The applicable interest rate for the week before the judgement (ending August 2, 2019), is 1.94%. Board of Governors of the Federal Reserve System, *Selected Interest Rates (H.15)*, https://www.federalreserve.gov/datadownload/ (last visited January 31, 2022). This rate of interest should be applied to any award of costs, effective as of August 8, 2019, the date of the Final Judgment for Defendant.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Defendant's Second Motion for Bill of Costs be **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendant should be awarded total costs of **$2,925.87**, consisting of: (i) $**400** for the filing fee; (ii) $**1,906.85** for four deposition transcripts and necessary related expenses (copies of deposition exhibits and litigation support package fees); and (ii) **$619.02** in exemplification and copying costs. All other costs should be denied.

(2) Defendant should be awarded post-judgment interest at a rate of 1.94% on any award of costs, accruing from August 8, 2019.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on January 31, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All counsel of record