UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62813-CIV-SMITH/VALLE

CAROLINA MATAMOROS,

    Plaintiff,
vs.

BROWARD SHERIFF'S OFFICE,

    Defendant.
    _____/

## ORDER ADOPTING AND AFFIRMING REPORT AND RECOMMENDATION

This matter is before the Court upon Magistrate Judge Valle's Report and Recommendation to District Judge [DE 73] ("Report"), in which she recommends granting in part Defendant's Motion for Appellate Fees [DE 60]. Plaintiff has filed Objections [DE 74]. Plaintiff objects to the Report's recommendation that attorney's fees be awarded to Defendant, not to the amount of attorney's fees that the Report recommends awarding. For the reasons set forth below, the Report is affirmed and adopted.

The Magistrate Judge found that Defendant was the prevailing party on Counts II and III of Plaintiff's Amended Complaint. Both counts were brought pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.*, ("FCRA"). Under the FCRA:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.

Fla. Stat. § 760.11(5). The Magistrate Judge found that Defendant was the prevailing party on the FCRA counts, after Count II was dismissed on a motion to dismiss and summary judgment was granted to Defendant on Count III. Plaintiff does not object to this finding and the Court agrees with the Magistrate Judge that Defendant was the prevailing party on these counts.

As set out in more detail in the Report, attorney's fees may be awarded to a prevailing Defendant in a Title VII case, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978).  A court must make the determination on a case-by-case basis and should consider: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985).  Applying this standard, the Magistrate Judge found that Plaintiff's associational disability discrimination claim under the FCRA, Count II, was frivolous because the plain language of the FCRA does not include protection against associational discrimination and no Florida court has ever recognized such a claim.  The Magistrate Judge also found that Plaintiff's FCRA retaliation claim, Count III, was so lacking in merit as to be groundless and without foundation because Plaintiff had failed to present any evidence to support her retaliation claim.

*Plaintiff's First Objection*

Plaintiff first objects to the award of appellate attorney's fees as to Count II, arguing that Defendant is not entitled to fees because Plaintiff's claim was based on a reasonable interpretation of applicable provisions of the FCRA.  In support, Plaintiff relies on the reasoning of the Massachusetts Supreme Judicial Court's interpretation of Massachusetts law and the fact that Plaintiff initially brought this action in state court, which has not definitively ruled that the FCRA precludes an associational discrimination claim.  Thus, Plaintiff maintains that her claim was based on a reasonable interpretation of the FCRA.  The Court notes that Plaintiff did not raise this argument in her Response in Opposition to Defendant/Appellee's Motion for Attorney's Fees on Appeal to Secure Affirmance of Florida Civil Rights Claims [DE 65], and, thus, the Court may, at

its discretion, decline to consider it. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). While the Court does not believe that it should consider the argument, as explained below, it does not change the outcome.

Plaintiff argues that, based on the Massachusetts Supreme Court's decision in *Flagg v. AliMed, Inc.*, 992 N.E.2d 354 (Mass. 2013), and the fact that the Eleventh Circuit had not ruled on the issue, her arguments for appealing the dismissal of her FCRA associational disability discrimination claim were reasonable. While the Massachusetts statute involved in *Flagg* is similar to the FCRA, as the Eleventh Circuit pointed out in its opinion in this case, *Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1334 (11th Cir. 2021), the FCRA contains language stating that it "shall be construed *according to the fair import of its terms* and shall be liberally construed" to further its stated purpose. Fla. Stat. § 760.01(3) (emphasis added). The Massachusetts statute does not appear to contain language similar to the italicized language; the Massachusetts statute only states that it should be liberally construed. *See* Mass. Gen. Laws ch. 151B, § 9. Thus, the instructions for construction of the two statutes are not the same. As the Eleventh Circuit stated in its opinion, the "fair import" of the FCRA's language is that it addresses discrimination based on an individual's own disability, rather than someone else's disability. *Matamoros*, 2 F.4th at 1334. There is nothing in the language of the statute that would indicate otherwise.

Further, as noted in the Report, several courts that have directly addressed the issue have found that the FCRA does not recognize a cause of action for associational disability discrimination and no Florida courts have held otherwise. Plaintiff argues that this action was originally filed in state court. While that is true, it was not in state court at the time of her appeal. The issue before the Court is not whether the claim was frivolous when filed but whether it was

3

frivolous for Plaintiff to continue to pursue the claim on appeal after it had been dismissed. Based on the foregoing, the Court finds that it was.

*Plaintiff's Second Objection*

Plaintiff next objects to the finding that her FCRA retaliation claim, Count III, was groundless. Plaintiff argues that because the claim survived a motion to dismiss and was subject to careful review at the summary judgment stage, the FCRA retaliation claim was not groundless. However, the issue before the Court is an entitlement to *appellate* fees. After this Court found that Plaintiff had failed to present any evidence to establish the third element of her FCRA retaliation claim, Plaintiff chose to appeal that decision. On appeal, the Eleventh Circuit, like this Court, found that the record was devoid of any evidence to support the third element of Plaintiff's FCRA retaliation claim.

Plaintiff further argues that, if her claim was frivolous, Defendant would have previously so asserted during the litigation. This argument misses the mark because Defendant is seeking appellate fees; thus, the issue is not whether the claim was frivolous at the trial court level but whether the appeal was frivolous. Based on the record, or lack thereof, Plaintiff's appeal of the granting of summary judgment on her FCRA retaliation claim was groundless. Consequently, Defendant is entitled to its appellate fees arising from this claim.

Because Plaintiff has not objected to the Magistrate Judge's calculation of fees and the Court finds the calculation to be fair and appropriate under the circumstances, the Court will not address that portion of the Report. Accordingly, having reviewed the Report, the record, and Plaintiff's Objections, it is

    **ORDERED** that

    1.    Magistrate Judge Valle's Report and Recommendation to District Judge [DE 73] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2. Defendant's Motion for Appellate Fees [DE 60] is **GRANTED in part.** Defendant is awarded $17,635.80 in appellate attorney's fees.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 15th day of July, 2022.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record